

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

VALERIE DENECE HARRIS                                                        PLAINTIFF

VERSUS                                CIVIL ACTION NO: 3:17cv291CWR-LRA

NOXUBEE COUNTY, MISSISSIPPI
and BETTY S. ROBINSON                                                    DEFENDANTS

JURY TRIAL DEMANDED

---

### COMPLAINT

---

This is an action to recover actual damages for violation of rights under the First Amendment to the United States Constitution. The following facts support the action:

1.

Plaintiff VALERIE DENECE HARRIS is an adult resident citizen of 234 Pinecrest Drive, Macon, Mississippi 39341.

2.

Defendant NOXUBEE COUNTY, MISSISSIPPI (hereinafter "Defendant County") is a political subdivision of the State of Mississippi. It may be served with process through its Chancery Clerk, Mary Ruth Shelton, at 2832 S. Jefferson, Macon, Mississippi 39341.

Defendant BETTY S. ROBINSON (hereinafter "Defendant Robinson") is an adult resident citizen Mississippi. Defendant Robinson may be served with process at 2832 Jefferson, Macon, Mississippi 39341.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983. The action is brought for violation of rights secured by the First Amendment to the United States Constitution.

4.

Plaintiff was employed by Noxubee County Tax Assessor's Office as a clerk for eighteen (18) years. Plaintiff had no problems at work until the office of tax assessor was assumed by newly elected tax assessor, Defendant Betty S. Robinson. Defendant Robinson disliked Plaintiff because there was much encouragement for Plaintiff to personally seek the office of tax assessor/collector, and Defendant Robinson feared that Plaintiff might seek the office as a political opponent of Defendant Robinson.

5.

On November 17, 2016, the newly-elected tax assessor/collector Defendant Robinson presented the employees with a form, Exhibit "A," and directed that all employees sign the form.

6.

Plaintiff was fearful of signing the form because she believed it required her to conceal information which she was lawfully required to disclose. For example, customers often ask for advice about such matters as when taxes are due, or where one should go to pay taxes, arrangements for taxes, and other routine business. These matters are of public record, and Plaintiff believed she was obligated to disclose them. Further, Plaintiff had witnessed a $12,000.00 shortage in the office, and Plaintiff believed that such matters would be of strong public interest, such that she might be

lawfully required to disclose them.  Further, the Mississippi Public Records Act generally makes public records accessible to the public.

7.

Because there were numerous matters which Plaintiff believed she was lawfully required to disclose, and numerous matters which were of legitimate public interest, Plaintiff declined to sign the form.

8.

Plaintiff's refusal to sign the form was an exercise of her First Amendment right to freedom of speech.

9.

Thereafter, the tax assessor/collector/Defendant Robinson terminated Plaintiff from her employment on January 23, 2017.

10.

When Plaintiff applied for unemployment, Defendant Robinson gave the reason for Plaintiff's discharge that Plaintiff had refused to sign an "ethics agreement." The "ethics agreement" which Plaintiff refused to sign, is the document attached as Exhibit "A." Requiring the signing of this document violated Plaintiff's First Amendment rights, since the document is so broadly worded that it constitutes an agreement that infringes upon Plaintiff's free speech rights.

11.

The actions of the Noxubee County Tax Assessor/Collector/Defendant Robinson are attributable to Defendant County.  This is because Defendant County's elected tax assessor/collector/Defendant Robinson has final policymaking authority with respect to the

Case 3:17-cv-00291-CWR-LRA   Document 1   Filed 04/21/17   Page 4 of 5

employment of its employees within the office of the tax assessor/collector, who hires the employees. Alternatively, if Plaintiff be in error, and the decision in question was not an official policy decision of tax assessor/collector then, alternatively, Defendant County is liable because its board of supervisors has been grossly negligent by failing to adopt policies which would prohibit its tax assessor/collector from engaging in actions which violate the First Amendment rights of the tax assessor/collector's employees.

12.

Plaintiff has suffered lost income, mental anxiety and stress as a result of her termination by Defendants.

## REQUEST FOR RELIEF

Plaintiff requests actual damages in an amount to be determined by a jury, reinstatement to her employment, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 20th day of April, 2017.

VALERIE DENECE HARRIS, Plaintiff

By: _____
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS  38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

R. Shane McLaughlin, MS Bar No. 101185
rsm@mclaughlinlawfirm.com
MCLAUGHLIN LAW FIRM
338 North Spring Street, Suite 2 (38804)
Post Office Box 200
Tupelo, MS 38802-0200
(662) 840-5042 / Telephone
(662) 840-5043 / Facsimile

ATTORNEYS FOR PLAINTIFF