# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**VALERIE DENECE HARRIS**                                                **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:17-CV-291-CWR-LRA**

**NOXUBEE COUNTY, MISSISSIPPI**
**and BETTY S. ROBINSON**                                             **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW,** Defendants Noxubee County, Mississippi (hereinafter "Defendant County"), and Betty S. Robinson (hereinafter "Defendant Robinson"), by counsel, and respectfully submits their Answer and Affirmative Defenses to the Plaintiff's Complaint, to-wit:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to challenge the discretionary determination of the elected department head over the department where she was previously employed. She is barred by operation of law from submitting a reason not stated in the Minutes of the Board of Supervisors and/or for failing to make a challenge under *Miss. Code Ann.* §11-51-75, which requirements are mandatory and jurisdictional. Since the facts necessary to the legality of the County's actions under state law directly contrast with facts necessary to establish Plaintiff's cause of action 42 U.S.C. § 1983, the instant claim must fail as a matter of law. Defendants affirmatively plead the Minute Book order rule, exhaustion, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and the Rooker Feldman Doctrine. The Complaint fails to state a claim upon which relief can be granted. The Defendants pray for an early determination of this issue in the interest of judicial economy.

### SECOND AFFIRMATIVE DEFENSE

Insofar as any alleged cause of action for race, sex or gender discrimination, or any portion thereof was not filed with the Equal Employment Opportunity Commission within the time

prescribed by 42 U.S.C. §2000e-5(e), which statute is please as a defense and as a statute of limitations, the Complaint should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Defendants specifically asserted and invoked all the privileges and defenses available to it as set forth in *Federal R. Civ. P.* 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts against Defendants which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

### FIFTH AFFIRMATIVE DEFENSE

Insofar as any state law claims are concerned, Defendants invoke each and every restriction, limitation, requirement, privilege and immunity of the *Mississippi Tort Claims Act*, *Miss. Code Ann.* §11-46-1, et seq.

### SIXTH AFFIRMATIVE DEFENSE

Defendants deny that they have been guilty of any actionable conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

### NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims are barred by the applicable statute of limitations,

res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann.* §11-46-15, insofar as any state law claims are concerned. Additionally, Defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against Defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the Defendants by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did the Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## TWELFTH AFFIRMATIVE DEFENSE

At no time did Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to impose individual liability upon any Defendants under state law, the provisions of *Miss. Code Ann.* §11-46-5 and §11-46-7 (1999), are hereby invoked, prohibiting individual liability under the provisions of the *Mississippi Tort Claims Act,* §11-46-91(1) (Supp. 1997), et seq. To the extent Plaintiff seeks to impose individual liability against any Defendants under state law outside the scope of the *Mississippi Tort Claims Act*, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, by laches, waiver and estoppel. Accordingly, the Defendants move for a dismissal of any claims alleging individual liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is vague and unspecified and should be dismissed under *F.R.C.P.* 12(b)(6).

## SIXTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff's claim of political participation raised an issue of protected status under the First Amendment, she occupied a position where close confidential working relations with other elected officials and the public are necessary. As such, the interest of her employer easily outweigh her First Amendment Rights, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants invoke the at will employment doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff engaged in protected conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

The speech at issue was not a matter of public concern.

## TWENTIETH AFFIRMATIVE DEFENSE

The speech at issue would have been made as a part of the employee's job duties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants had a legitimate administrative interest in providing efficient and effective services which outweighed any First Amendment rights of the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants would have taken the adverse employment action even in the absence of the protected speech.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as to the Defendants for which relief may be granted including, but not limited to, the defense of qualified immunity as to the individual Defendant herein, Betty Robinson. Further, the Complaint fails to state a claim against Noxubee County, MS., upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Betty Robinson is entitled to qualified immunity from Plaintiff's claims. Robinson was at all times relevant to these allegations a public official acting in the course of his duties. Robinson did not engage in any conduct which deprived the Plaintiff of any right, privilege or immunity protected by the Constitution or Laws of the United States. Additionally, said individual's conduct was objectively reasonable in light of clearly established law at the time of his actions in this matter. Robinson's actions were justified and arguably justifiable in light of the information she possessed and clearly established law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondiat superior* and are barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of Noxubee County, Mississippi that was the moving force behind the alleged injuries of Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege a violation of any legal duty owed to her by any Defendant.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answer Defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendant County admits the allegations in the first paragraph of Paragraph 2 of the Complaint. Defendant Robinson admits the allegations in the second paragraph of Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 of the Complaint are denied.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 of the Complaint are denied.

7. The allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are denied.

9. The allegations of Paragraph 9 of the Complaint are denied.

10. The allegations of Paragraph 10 of the Complaint are denied.

11. The allegations of Paragraph 11 of the Complaint are denied.

12. The allegations of Paragraph 12 of the Complaint are denied.

**NOW, THEREFORE,** having asserted its Affirmative Defenses and fully answering the allegations of the Complaint, Defendants deny that the Plaintiff is entitled to a judgment in any amount and respectfully demands judgment in its favor with all costs assessed against the Plaintiff.

**RESPECTFULLY SUBMITTED** this the 2nd day of August, 2017.

                                              **JACKS | GRIFFITH | LUCIANO, P.A.**

                                By:   /s/ ***Jamie F. Jacks***
                                        Jamie F. Jacks, MS Bar No. 101881
                                        Daniel J. Griffith, MS Bar No. 8366
                                        Attorney for Defendants, Noxubee County, Mississippi and Betty S. Robinson

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
Fax No. 662-843-6176
Email: jjacks@jlpalaw.com

# CERTIFICATE OF SERVICE

I, Jamie F. Jacks, attorney of record for Defendants, Noxubee County, Mississippi and Betty S. Robinson do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O. Box 1357
>Tupelo, MS 38802-1357
>Phone: (662) 842-7324
>Fax: (662) 842-8056
>Email: waide@waidelaw.com
>**Attorney for Plaintiff**
>
>R. Shane McLaughlin
>McLaughlin Law Firm
>338 North Spring Street, Ste. 2
>Tupelo, MS 38804
>P.O. Box 200
>Tupelo, MS 38802-0200
>Phone: (662) 840-5042
>Fax: (662) 840-5043
>Email: rsm@mclaughlinlawfirm.com
>**Attorney for Plaintiff**

**DATED** this 2nd day of August, 2017.

>/s/***Jamie F. Jacks***
>Jamie F. Jacks